UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TINA HOLLIFIELD | CIVIL ACTION NO. 09-490 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JOHN J. CAMPBELL CO., INC. | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before this Court is a Motion for Summary Judgment [Record Document 15] filed on behalf of the Defendant, John J. Campbell Co., Inc. ("Campbell"). Plaintiff opposes this motion. [Record Document 18]. For the reasons stated herein, Campbell's motion for summary judgment is **GRANTED.**

### FACTUAL BACKGROUND

On March 6, 2008, Defendant John J. Campbell Co., Inc. ("Campbell") was in the process of performing exterior roof repairs to the Wal-Mart store located at 6235 West Port Avenue, Shreveport, Louisiana ("Wal-Mart"). On that same date, Plaintiff Tina Hollifield ("Hollifield") was an employee of and was working in the receiving area of Wal-Mart. While Hollifield was performing her job duties, an air conditioner duct situated on the ceiling above her became dislodged, causing the air conditioner duct to fall onto and strike Hollifield. As a result of the accident, Hollifield sustained fractures to three of her vertebrae. See Hollifield Deposition, p.28.

Hollifield filed this action against Campbell alleging the accident "was the fault of" and was "proximately caused by" Campbell and/or its employees, and seeks to recover all reasonable damages, including mental anguish and physical suffering, medical expenses,

lost wages, and loss of earning capacity. See Record Document 1. Campbell moves for judgment in its favor as a matter of law on the basis that: (1) pursuant to its contract with Wal-Mart, Campbell had no duty to secure the air conditioner duct work inside the Wal-Mart store or to inspect the integrity thereof; (2) Wal-Mart's failure to properly secure its own air conditioner duct work resulted in Plaintiff's injury; and (3) Campbell's roof re-covering work on this job was done in accordance with all applicable roofing standards and sound roofing practices and as such was performed in a good and workmanlike manner. Hollifield opposes this motion on the ground that certain provisions of the contract between Campbell and Wal-Mart are ambiguous on their face; therefore, there remain genuine issues of material fact.

## Summary Judgment Standard

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id., 477 U.S. at 322, 106 S. Ct. at 2552. If the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue

of material fact, the motion must be denied, regardless of the nonmovant's response. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

However, if the motion is properly made, Rule 56(c) requires the nonmovant to go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005), "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92, as revised on denial of reh'g, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

**LAW AND ANALYSIS**

In December 2007, Wal-Mart and Campbell entered into a maintenance contract for re-cover and replacement of the exterior roof of Wal-Mart. See Record Document 15, Ex. 1 ("Contract"). The "Notes" section of the contract provides, in pertinent part:

> 2. The roof assembly included in this scope of work consists of a mechanically attached Carlisle 60 TPO roof membrane

>  in 8' wide sheets over a mechanically attached layer of 1/4" Dens-Deck over the existing roof.
>
>  3. Interior protection, disconnecting, re-connecting, or re-calibrating satellite dishes, and repairs to the HVAC equipment are excluded.

[Contract, "Notes" 2 and 3].

Campbell contends the third provision in this section expressly relieved it of any duty to secure or inspect the integrity of the air conditioner duct work inside Wal-Mart, and that "interior protection, inspection, repairs, or other work related in any respect to Wal-Mart's HVAC equipment and/or air conditioner ducts" was beyond the scope of its obligations under the contract. [Record Document 15, § II, p.4]. In opposition, Hollifield points to the "Special Conditions or Requirements" section on page 3 of the contract, which states that Campbell shall "take precautions to avoid damage to deck and underlying electrical and equipment." [Contract, "Special Conditions or Requirements" at p.3]. Hollifield argues this provision can be interpreted to impose a duty on Campbell to "avoid damage to the roof deck, avoid damage to electrical connections and avoid damage to any *equipment*, including HVAC *equipment*." [Record Document 18, pp.2-3].

In Louisiana, it is well-established that a contract is the law between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. La. C.C. Art. 1983; In re Katrina Canal Breaches Litig., 495 F.3d 191, 206 (5th Cir. 2007); In re Liljeberg Enter., Inc., 304 F.3d 410, 439 (5th Cir. 2002). When the words of a contract are clear and explicit and lead to no absurd consequences, the contract must be enforced as written. La. C.C. Arts. 2046-47; In re Katrina, 495 F.3d at 207; Cadwallader v. Allstate Ins. Co., 848 So.2d 577, 580 (La. 2003). If, however, a

contract includes ambiguous provisions, the ambiguity may be resolved by construing the contract as a whole. La. C.C. Art. 2050 ("Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole."). As a general rule, specific provisions control over more general provisions. Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp., 289 F.3d 373, 377 (5th Cir. 2002) (citing Restatement (Second) of Contracts § 203(c)).

Reviewing the contract as a whole, the Court disagrees with Hollifield and finds that the provisions cited above are not ambiguous. Rather, the contract as a whole required Campbell only to make repairs to the *exterior* roof, and expressly excluded "interior protection" and "repairs to the HVAC equipment" from the scope of Campbell's duties under the contract. See Contract, p.2. To the extent Campbell was required to "take precautions to avoid damage to deck and underlying electrical and equipment," this obligation did not encompass an affirmative duty to inspect and/or secure the interior HVAC equipment. Construing the provisions of the contract in any other manner would lead to absurd results because Campbell, a roofing contractor, is not an engineer capable of giving an opinion as to the structural integrity of Wal-Mart's interior HVAC system, nor is it in the business of reinforcing the structural integrity of such systems. See Record Document 19, § IV, p.5].

Nevertheless, Articles 2315 and 2316 of the Louisiana Civil Code provide that every person is responsible for the damages caused by his fault and/or negligence. See La. C.C. Arts. 2315(A), 2316. In order to determine whether liability exists under these provisions, Louisiana courts employ a "duty-risk" analysis which takes into account the particular facts of each case and the conduct of each individual party. Pitre v. Louisiana Tech Univ., 673

So.2d 585, 589 (La.), cert. denied, 519 U.S. 1007, 117 S.Ct. 509, 136 L.Ed.2d 399 (1996); Socorro v. City of New Orleans, 579 So.2d 931, 938 (La. 1991). This analysis includes five relevant inquiries: (1) whether the duty was a cause-in-fact of the resulting harm (the "causation" element); (2) whether the defendant had a duty to conform his conduct to a specific standard (the "duty" element); (3) whether the defendant failed to conform to the appropriate standard (the "breach" element); (4) whether the risk, and the harm caused, were within the scope of protection afforded by the duty breached (the "scope of duty" element); and (5) whether the plaintiff sustained actual damages (the "damages" element). Id.

While all persons have a general duty to act in a reasonable fashion so as to avoid harming others, La. C.C. Arts. 2315 and 2316, under Louisiana law, a person who builds or repairs something has a specific duty to third persons (as well as to the parties with whom he contracts) to perform in a good and workmanlike manner. See La. C.C. Art. 2769; Singletary v. Crown Zellerbach, 607 So.2d 804, 809 (La.App. 1 Cir. 1992); Clement v. Dep't of Transp. & Dev., 528 So.2d 176, 179-80 (La.App. 1 Cir.), writ denied, 532 So.2d 157 (La. 1988); Wetmore v. Blueridge, Inc., 391 So.2d 951, 953 (La.App. 4 Cir. 1980); Marine Ins. Co. v. Streaker, 100 So.2d 493, 538-39 (La. 1958). A person who negligently repairs something is liable in tort for whatever damages may be caused by his negligence. Even if the duty to perform in a good and workmanlike manner was not implicit in all cases, Campbell expressly accepted the duty to perform "in a workmanlike manner" under the terms of the repair contract.[1]  [Contract, p.1].

---

[1] Specifically, the contract provides: "Contractor warrants and guarantees that all Work will be performed in a workmanlike manner acceptable to Owner. . . ." [Contract,

However, Hollifield has cited to no authority nor presented any evidence demonstrating that the scope of Campbell's duty to perform an *exterior* roof repair in a good and workmanlike manner also encompassed an affirmative duty to inspect and secure *interior* HVAC equipment at Wal-Mart—work it was not (and is not) qualified to perform. This conclusion is supported by the fact that, after Plaintiff's accident, Wal-Mart installed support straps and/or other protective measures on its HVAC equipment throughout the interior of the store. These subsequent remedial measures were performed by Wal-Mart without any requests or demands upon Campbell either to perform this work or for reimbursement of the expenses incurred. Furthermore, Campbell submitted the affidavit of Richard C. Landers, Vice President of Campbell, who attested that Campbell's work at the Wal-Mart store "was performed in full compliance with National Roofing Contractor Association (NRCA) standards, as well as the manufacturer product guidelines of Firestone Building Products for the white membrane Thermal Plastic Olefin (TPO) product being installed," that the "tools, methods and procedures employed by [Campbell] on this job were the same as those employed on over 500 similar roof re-covering jobs...,  including approximately 70 such jobs it performed for other Wal-Mart and Sam's Club stores," and that Campbell "took every measure, precaution, and procedure within its control to ensure that such an event would be avoided." [Landers Affidavit, ¶¶ 4, 5, 7]. Hollifield does not challenge the quality of Campbell's workmanship; thus, there can be no dispute that Campbell performed "in a good and workmanlike manner" as required under Louisiana law and the specific terms of the contract.

---

p. 1].

**CONCLUSION**

Accordingly, finding there are no genuine issues of material fact remaining for trial and that Defendant John J. Campbell Co., Inc. is entitled to judgment in its favor as a matter of law, the motion for summary judgment [Record Document 15] shall be **GRANTED**, and Plaintiff's claims shall be **DISMISSED WITH PREJUDICE.**

A Judgment consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 7th day of May, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE